UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CV1561 HEA |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the amended motion of *pro se* plaintiff Lamont Williamson for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee. The motion will be granted and no initial filing fee will be accessed at this time. *See* 28 U.S.C. § 1915(b)(4). Furthermore, for the reasons discussed below, the complaint will be dismissed without prejudice.

**Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

At case initiation, plaintiff filed an unsigned motion to proceed in district court without prepaying fees or costs. ECF No. 2. Because plaintiff's motion was unsigned, the Court issued an Order directing the Clerk of Court to return the unsigned motion to plaintiff and ordered plaintiff to either sign the motion and return it, or to pay the filing fee. ECF No. 6. Plaintiff filed the signed motion on September 19, 2019. ECF No. 8. Although the form motion states that an inmate must also submit a certified prison account statement, plaintiff has not done so. *See* ECF No. 8 at 3. In his motion, plaintiff states that he has no job, no income, no assets, and no money in his prison account. Taking this into consideration, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff, currently incarcerated at Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment that stem from an incident which occurred at Potosi Correctional Center ("PCC") in 2011. Plaintiff names seven defendants in their individual capacities: (1) Missouri Department of Corrections ("MDOC"); (2) Warden Troy Steele; (3) Correctional Officer Charles Sullens; (4) Correctional Officer Charles Lawson; (5) Correctional Officer Brian Brown; (6) attorney Joseph C. Blanton, Jr.; and (7) attorney Anthony H. Relys.

Plaintiff's complaint is disjointed and difficult to follow. It contains multiple summaries of the same incident with listings of legal citations intermixed. In summary, plaintiff alleges that

correctional officers Sullens, Lawson, and Brown failed to protect him from being attacked by his cellmate on May 23, 2011, at PCC. Plaintiff asserts that the correctional officers were aware of the serious risk of bodily harm to him. Yet, they not only failed to protect him from the attack, they encouraged and assisted the attacker. Plaintiff states that an investigation of the incident by the Attorney General's office sustained his allegations against the officers.

Plaintiff lists only one Count in his complaint: failure to protect against defendants Brown, Lawson, and Sullens. ECF No. 1 at 13. However, plaintiff names four additional defendants in this matter. In the factual background section of the complaint, plaintiff asserts that neither Warden Steele nor the MDOC took any corrective action against the three officers who failed to protect him, even after the attorney general's investigation results were released. *Id.* at 6, 10-11.

In 2012, following the incident, plaintiff states that he filed a § 1983 action in this court for which he was appointed counsel. *Id.* at 11. Plaintiff alleges that his appointed counsel, defendant Joseph C. Blanton, Jr., altered the allegations of plaintiff's case without plaintiff's consent; concealed evidence from plaintiff; lied to plaintiff; and conspired with defense counsel in the matter, defendant Anthony Relys, to commit fraud on the Court. *Id.* at 11-12.

For relief, plaintiff asks the Court for: (1) sanctions under Rules 61, 4-3.3, and 4-3.4; (2) actual damages; (3) punitive damages; (4) declaratory judgment; (5) filing fees to be paid by the defendants; (6) a letter of apology; (7) an order directing that the defendants be fired from employment with the MDOC; (8) an order referring defendants for prosecution for their actions; and (9) attorney discipline including a permanent injunction and restraining order. *Id.* at 14.

**Background**

On the filing form attached to plaintiff's complaint (ECF No. 1-1), plaintiff states that this case is the "same cause, or substantially equivalent complaint" as the § 1983 case plaintiff filed in 2012 in this Court regarding the same cellmate attack. *See Williamson v. Steele*, No. 4:12-CV-1548-CAS (E.D. Mo. Aug. 27, 2012) (hereinafter "*Williamson I*"). When the Court initially reviewed plaintiff's *pro se* 42 U.S.C. § 1983 complaint in *Williamson I*, it found that plaintiff had sufficiently stated a claim against named defendants who had allegedly helped another inmate assault him on May 23, 2011. *Id.* at ECF No. 5.

After counsel was appointed for plaintiff in *Williamson I*, an amended complaint was filed listing nine counts against five defendants, including failure-to-protect counts against the MDOC and Warden Steele. *Id.* at ECF No. 38. Three of the defendants named in *Williamson I*, including the MDOC and Steele, filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the Court granted. *Id.* at ECF No. 56. The Court found that plaintiff's claims against the MDOC and his official capacity claim against Steele were barred by the Eleventh Amendment. *Id.* at 6-7. The Court also found plaintiff's individual-capacity-failure-to-protect claim against Steele subject to dismissal for failure to provide any specific factual allegations of direct liability on Steele's part. *Id.* at 8-10. After dismissal of the MDOC and Steele, plaintiff's counsel withdrew from the case and plaintiff was appointed a new pro bono attorney, Joseph C. Blanton, Jr.

Plaintiff's new attorney Blanton filed a second amended complaint on his behalf. *Id.* at ECF No. 84. That amended complaint named correctional officers Lawson, Brown, and Sullens (misspelled "Sullins"), among other defendants, and brought two counts against the three officers for failure to protect and state law negligence. Attorney Anthony Relys entered his appearance

on behalf of officers Lawson and Sullens. It appears that defendant Brown was never served in the matter. Plaintiff's counsel eventually filed a third amended complaint on plaintiff's behalf, bringing the same two counts against Lawson and Sullens, but not naming Brown as a defendant. *Id.* at ECF No. 136. The Court granted summary judgment to some of the defendants, including officers Lawson and Sullens on the official capacity claims brought against them. *Id.* at ECF No. 142.

On September 8 and 9, 2015, a jury trial was held in *Williamson I* on plaintiff's individual capacity claims against officers Lawson and Sullens for § 1983 failure to protect and state law negligence. The jury found for defendants on all claims. *Id.* at ECF No. 195-96. The Eighth Circuit Court of Appeals denied plaintiff's appeal in 2018. *Id.* at ECF No. 228.

**Discussion**

**A. Defendants MDOC, Steele, Lawson, Sullens, and Brown**

The principle of res judicata precludes "the relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner*, 153 F.3d at 673. The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of

operative facts as the prior claim. *Banks v. Int'l Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (adopting the position of the Restatement (Second) of Judgments, § 24).

Plaintiff alleged the same § 1983 failure to protect claim in this case against defendants MDOC, Steele, Lawson, Sullens, and Brown that he brought in *Williamson I*. The claim was based on the same inmate assault incident in 2011. *Williamson I* resulted in a final judgment on the merits and was based on proper jurisdiction. The Court concludes that plaintiff's claims against defendants MDOC, Steele, Lawson, Sullens, and Brown are barred by res judicata and therefore must be dismissed.

Even if the claims were not precluded by res judicata, they would be subject to dismissal based on the statute of limitations. Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as frivolous under 28 U.S.C. § 1915 when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Plaintiff states that the applicable statute of limitations here is fifteen years because he asserts his claim is based on fraud. *See* ECF No. 9. However, his complaint is actually before this federal court based on 42 U.S.C. § 1983. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005) (applying Missouri five-year statute of limitations, Mo. Rev. Stat. § 516.120(4), to plaintiff's § 1983 claims brought against officers for assault in county jail). Because plaintiff's failure to protect claims relate to an incident that occurred in 2011 and he filed this suit in 2019, his claims against defendants MDOC, Steele, Lawson, Sullens, and Brown should also be dismissed as frivolous under 28 U.S.C. § 1915.

**B. Defendant Attorneys Blanton and Relys**

Although plaintiff clearly asserts an Eighth Amendment failure-to-protect claim against the non-attorney defendants, his complaint is not clear on what claim he is attempting to assert against attorney defendants Blanton and Relys. To the extent plaintiff seeks to assert a state-law fraud or legal malpractice claim against attorney defendants, such claims fail here. Plaintiff filed this suit under 42 U.S.C. 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). Appointed counsel Blanton is not a state actor and his representation of plaintiff in *Williamson I* does not constitute state action, as required for a § 1983 claim. "[P]ro bono counsel who offers to represent an indigent party without pay … cannot be a state actor for purposes of § 1983." *Hardy v. Kushman*, No. 09-CV-14825, 2010 WL 3906327, at *5 (E.D. Mich. Sept. 30, 2010).

Similarly, plaintiff's allegations fail to state a claim under § 1983 against defendant attorney Anthony Relys, who represented defendants Lawson and Sullens in *Williamson I*. Defendant Relys is only named twice in the statement of the claim section of the complaint. The first mention of Relys in the complaint is part of an accusation against defendant appointed counsel Blanton. Plaintiff alleges that Blanton "withheld the fact that the Asst. Attn. Gen.

Anthony H. Rely[s] conceded to the [*Williamson I*] defendant[s'] guilt in a[n] e-mail. See exhibit: 4." ECF No. 1 at 12. Exhibit 4, referred to by plaintiff and attached to the complaint, is an email between attorneys Blanton and Relys where they agree to the entry of a protective order in the *Williamson I* matter. ECF No. 1-3 at 6. Attorney Relys does not admit the guilt of his clients in Exhibit 4. Regardless, even if Relys did admit the guilt of his clients, such information would have been beneficial to plaintiff in *Williamson I* and cannot sustain a § 1983 claim against Relys here.

The second mention of Relys in plaintiff's complaint is also in relation to actions by attorney Blanton:

> [Blanton] knew the [*Williamson I*] defendants were using false statements and false testimony, and false evidence, and attempting to perpetrate fraud upon the jury and court, and he failed to report it to the court in an appropriate time to so do as required by the law and rule of professionalism under rule 4-3.3 and 4-3.4. As well as did, Mr. Anthony H. Relys."

ECF No. 1 at 12. Presumably, plaintiff is referring to the Missouri Rules of Professional Conduct which govern the Missouri Bar and Judiciary. Rule 4-3.3 mandates candor towards the tribunal and Rule 4-3.4 requires fairness to the opposing party and counsel.

Plaintiff's vague and conclusory allegations that attorney Relys knowingly presented false evidence and testimony to the Court, or that he perpetrated fraud on the Court, wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). The one exhibit plaintiff presented (Exhibit 4) in relation to defendant Relys, does not support the facts plaintiff alleged. There are no facts or evidence asserted that support a § 1983 claim against defendant attorney Anthony Relys.

To the extent that plaintiff attempts to plead a conspiracy between attorney defendants and other state actors, this claim also fails. "The principal elements of conspiracy are 'an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.' " *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) (quoting *Mizokami Bros., Inc. v. Mobay Chemical Corp.*, 660 F.2d 712, 718 n. 8 (8th Cir.1981)). A plaintiff must allege with "sufficient particularity" and demonstrate with "specific material facts" that the alleged conspirators reached some agreement and worked together to deprive plaintiff of a federal right. *Id.* (quoting *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D.Pa. 1982)). The evidence plaintiff submitted in an attempt to demonstrate a conspiracy between the attorney defendants (Exhibit 4) does not support plaintiff's allegations. Plaintiff points to no evidence of defendants reaching a conspiracy agreement or committing any acts in furtherance of the conspiracy. Plaintiff's § 1983 complaint against defendant attorneys Blanton and Relys must be dismissed for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended, signed motion for leave to proceed *in forma pauperis* [ECF No. 8] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's initial, unsigned motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any of the defendants because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff's claims against defendants Missouri Department of Corrections, Troy Steele, Charles Sullens, Charles Lawson, Brian Brown, Joseph C. Blanton, Jr., and Anthony H. Relys are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 27th day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE