# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| LAMONT WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19CV1561 HEA |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the court on *pro se* plaintiff Lamont Williamson's motion for reconsideration, notice of appeal, and motion for leave to proceed *in forma pauperis* on appeal. Plaintiff seeks reconsideration of the Court's dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B). On the same date that plaintiff filed his motion for reconsideration, he also filed a notice of appeal and motion for leave to proceed *in forma pauperis* on appeal.

"The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). But filing a notice of appeal does not prevent a district court from taking action in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). A district court retains jurisdiction to **deny** a motion for relief from a judgment or order brought under Rule 60(b),[1]

---

[1] Federal Rule of Civil Procedure 60(b) states:
   On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;

because a denial is in furtherance of the appeal. However, a district court lacks the ability to **grant** a Rule 60(b) motion. *Id.* at 1180; *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has explicitly instructed that a district court should consider the motion and assess its merits. *Hunter*, 362 F.3d at 475.

After reviewing the grounds raised by plaintiff in his motion for reconsideration, the Court will decline to alter or amend the judgment of this Court. Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, the motion merely revisits the same arguments made in plaintiff's complaint regarding an alleged 2011 incident of inmate assault and claims of fraud and/or legal malpractice against attorneys involved in the lawsuit involving the assault. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

When the Court dismissed this action, it certified in writing that an appeal from the dismissal would not be taken in good faith. *See* ECF Nos. 10 & 11; 28 U.S.C. § 1915(a)(3). As a result, plaintiff's motion for leave to proceed *in forma pauperis* on appeal will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [ECF No. 13] is **DENIED**.

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* on appeal [ECF No. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall, within **thirty (30) days** of the date of this Order, either pay the $505 appellate filing fee or file a motion in the United States Court of Appeals for the Eighth Circuit for leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that plaintiff shall file any future documents or pleadings in connection with his appeal directly with the United States Court of Appeals for the Eighth Circuit.

Dated this 15th day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE